DICKENS *v.* DETROIT ESTATES CORPORATION.

CANCELLATION OF INSTRUMENTS—EQUITY—RELIEF—MORTGAGE BONDS.
Bondholder whose bonds on apartment house have been called and he offered all relief to which he is entitled under his contract on purchasing said bonds, is not entitled to maintain suit to set aside transactions involving exchange of bonds for stock in company taking over building, and execution of mortgages by latter which made possible completion of said building.

Appeal from Wayne; McMahon (Maurice H.), J. Submitted October 7, 1931. (Docket No. 25, Calendar No. 34,979.) Decided December 8, 1931.

Bill by Lewis M. Dickens individually and as representing others against Detroit Estates Corporation and others to set aside certain conveyances and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Walter M. Nelson*, for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell*, for defendants Milton Strauss Corporation, Empire Construction Company, C. M. H. Holding Corporation, and Milton Strauss.

*Bulkley, Ledyard, Dickinson & Wright*, for defendant Union Guardian Trust Company.

*Warren, Hill & Hamblen*, for defendant National Bank of Commerce of Detroit.

*Yerkes, Goddard, McClintock & Shreve*, for defendants Fidelity Bank & Trust Company and Andrew C. Sisman Company.

FEAD, J. This is a companion case to *Pittelkow Heating & Engineering Co.* v. *Detroit Estates Corporation, ante,* 116, and *Hall* v. *Detroit Estates Corporation, ante,* 121, in which the essential facts are stated. The relief here sought by plaintiff is, in general, the setting aside of the present situation and the reinstatement of the former condition, including revival of the original trust mortgage, that the Sisman stockholders be declared bondholders, and defendants be required to pay the money and do the acts necessary to reproduce the situation contemplated and represented at the time plaintiff became a bondholder. The bill recites the call of his bonds, and, as he is thereby offered all the relief to which he is entitled, and the relief is in accordance with his contract on purchasing the bonds, he has not alleged a cause for further remedy.

Decree dismissing bill is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred. BUTZEL, C. J., did not sit.